UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILBERT PERRYMAN                               CIVIL ACTION

VERSUS                                         NUMBER: 11-00993

MICHAEL J. ASTRUE,                             SECTION: "B"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

**REPORT AND RECOMMENDATION**

The above-captioned matter is an action brought pursuant to 42 U.S.C. §405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration denying plaintiff's application for Social Security benefits. (Rec. doc. 1).

After the government had filed its answer to plaintiff's complaint, on December 22, 2011, the Court issued its standard order ("Briefing Order") directing plaintiff to file a motion for summary judgment on or before January 30, 2012 with the defendant to do likewise by February 29, 2012. (Rec. docs. 13, 15). A copy of the Briefing Order was mailed to plaintiff at his address of

record and was not returned as undeliverable. After the due date for the filing of plaintiff's motion for summary judgment had passed and a review of the record revealed that he had failed to do so, on March 9, 2012, the Court ordered plaintiff to show cause ("Rule to Show Cause"), in writing and on or before March 20, 2012, as to why his lawsuit should not be dismissed for failing to comply with the Briefing Order. (Rec. doc. 16). Once again, a copy of the Rule to Show Cause was mailed to plaintiff at his address of record and has not been returned as undeliverable. Unfortunately, no response to the Rule to Show Cause has been forthcoming from plaintiff and the Court has received no communication from him indicating that he was unable to do so for reasons beyond his control.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978). See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.), cert. denied, 522 U.S. 875, 118 S.Ct. 195 (1997)(Rule 41(b) dismissal appropriate where

petitioner failed to respond to defendant's dispositive motion as ordered by the court). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). As plaintiff is proceeding pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place plaintiff's case in a proper posture to be litigated to its completion. Unfortunately, those efforts have been thwarted by plaintiff in failing to respond to the Court's Briefing Order and the Rule to Show Cause. As plaintiff is not represented by counsel in this case, these failures are attributable to him alone. Accordingly, it will be recommended that plaintiff's lawsuit be dismissed without prejudice under Rule 41(b), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 22nd day of March, 2012.

                                            ALMA L. CHASEZ
                                 UNITED STATES MAGISTRATE JUDGE